UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:25-cr-00160 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| TIMOTHY MCDOWELL, ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Timothy McDowell ("McDowell"), filed the present Motion to Dismiss ("Motion") the indictment charging McDowell with violating 18 U.S.C. §922(g)(1), on the grounds that the indictment violates the Second Amendment both facially and as applied to him. For the reasons stated below, the Court denies McDowell's Motion [32].

**BACKGROUND**

The following background is drawn from the indictment, Dkt. 1, and the parties' briefing of this motion. (Dkt. 34, 35, 39.)

On March 19, 2025, Timothy McDowell was charged with possessing five loaded firearms knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, or in violation of 18 U.S.C. §922(g)(1). McDowell's arrest stems from a July 30, 2024, incident where McDowell was a passenger in a stolen vehicle that was being followed by a Chicago Police Department helicopter. The government anticipates it will prove: the driver of the stolen vehicle led police on a chase at speeds around 100 miles per hour before pulling into a detached garage; the occupants of the vehicle exited, with McDowell carrying a backpack with five handguns inside; McDowell tried to abandon the backpack on a porch, but was captured carrying it on the house's security camera and on video from the pursuing helicopter; and while in Cook County jail

1

following his arrest, McDowell said on a recorded jail call, "I would have rather taken my own shit, I woulda been out," and, "[t]he judge said that if I had two to three guns, she would have let me out on house arrest … [f]ive of them, that's a little too much. I should have just took my own shit."

At the time of his arrest, McDowell's criminal record included: a 2006 burglary conviction, a 2008 attempted robbery conviction, a 2009 burglary conviction, two 2011 felon-in-possession-of-a-firearm convictions, a 2017 unlawful vehicular invasion conviction, and a 2022 aggravated unlawful use of a weapon conviction.

On October 20, 2025, McDowell filed the present Motion arguing the indictment, which seeks to prohibit McDowell from possessing a firearm after he completed his felony punishment, violates the Second Amendment both facially and as applied to him.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**DISCUSSION**

Mr. McDowell contends that §922(g)(1) is unconstitutional facially because there is no historical tradition of disarming all felons, and as applied to him individually because his felony convictions do not show that he is a current danger to such an extent that our regulatory tradition would have permitted the government to permanently disarm him. (Dkt. 32 at *6.)

2

I. **Facial Challenge**

The Second Amendment to the United States Constitution states: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The Supreme Court, in *Heller*, determined the Second Amendment also guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller*, 554 U.S. 570, (2008). The test for analyzing whether firearm restrictions run afoul to this right, is outlined in *Bruen*. *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1 (2022). First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* If so, the Constitution presumptively protects that conduct and the burden shifts to the government to demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation. *Id.* Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)); *see also United States v. Rahimi*, 602 U.S. 680, (2024) (applying *Bruen*).

The Seventh Circuit's precedent regarding the constitutionality of facial challenges to 18 U.S.C. §§ 922(g)(1) is instructive for this analysis. The Seventh Circuit recently foreclosed criminal defendants from facially challenging the constitutionality of § 922(g)(1). *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). *In Gay*, the defendant challenged his conviction under § 922(g)(1) on appeal, arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms "notwithstanding statutes such as 18 U.S.C. § 922(g)(1)." *Id.* The Seventh Circuit determined Gay's argument was "hard to square" with the Supreme Court's statement in *Heller* that "longstanding prohibitions on the possession of firearms by felons," are valid. *Id.* Courts in this district have since repeatedly interpreted *Gay* as foreclosing facial challenges to § 922(g)(1). *See*, e.g., *United States v. Fillyaw*, No. 23 CR 650, 2024 WL 3338940, at *1 (N.D. Ill. July 9, 2024) (Kennelly, J.) (defendant's

3

challenge to § 922(g)(1) was foreclosed by *Gay*); *United States v. Montgomery*, No. 23 CR 623, 2024 WL 4240759, at *1 (N.D. Ill. Sept. 19, 2024) (Coleman, J.) (holding the same).

Despite the weight of this authority, McDowell argues that this Court should find he is covered by the plain text of the Second Amendment, despite his prior felony convictions. (*See* Dkt 32 at *6-7.) Specifically, McDowell argues the Seventh Circuit's controlling precedent, *Gay*, cannot survive the Supreme Court's ruling in *Rahimi*, which "completely undermined *Gay*'s holding that a person with a certain number of felony convictions or on parole is not 'responsible' and lacks Second Amendment rights." (Dkt. 32 at 10.) McDowell concludes that none of the sources of historical evidence discussed in *Gay* nor any of the historical evidence the government provides is sufficiently probative to show a longstanding historical tradition of disarming all felons for their natural life. (Dkt. 32 at 12).

The government, in opposition to McDowell's Motion, supports its position that § 922(g)(1) is facially constitutional through *Gay*, which concludes the Supreme Court "pointedly stated that longstanding prohibitions on the possession of firearms by felons are valid." *Gay*, 98 F.4th 8at 846. Importantly, the government emphasizes that *Rahimi*, the case on which McDowell relies, comes to the same conclusion as *Gay*, in stating: "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi,* 602 U.S. at 700. Thus, the government concludes, *Gay*'s analysis is therefore entirely consistent with *Rahimi*.

Consistent with Seventh Circuit precedent, the Court rejects McDowell's contention that § 922(g)(1) is facially unconstitutional. The Court agrees with the government, that *Gay*'s analysis is consistent with and can be squared with *Rahimi*. The Supreme Court explicitly stated that its decision in *Rahimi* does not displace its ruling in *Heller*, which holds that prohibitions on the possession of firearms by "felons" are "presumptively lawful," and further states "our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others," without outlining time limits on such restrictions. *Rahimi,* 602 U.S. at 700 (citing *Bruen*, 597

4

U.S. at 55-60). The narrow holding of *Rahimi* merely determined, "an individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." The Court need not determine whether any statute that involves non-"temporary" disbarment, is facially constitutional, because the weight of authority determines that such prohibitions, presumptively are, irrespective of any time limitation. *See Heller,* 554 U.S. at 626; *Bruen,* 597 U.S. at 55-60; *Gay,* 98 F.4th 8at 846; *Rahimi,* 602 U.S. at 700. Accordingly, the Court denies McDowell's Motion to Dismiss the indictment on the grounds that § 922(g)(1) is facially constitutional and properly leaves any analysis as to the constitutionality of applying § 922(g)(1) to McDowell specifically, to his as-applied challenge.

## II. As-Applied Challenge

While the Court denies McDowell's Motion to dismiss the indictment on the grounds that § 922(g)(1) is facially unconstitutional, in line with Seventh Circuit precedent, the Court recognizes it must undergo an analysis of whether application of the law to McDowell, specifically, is constitutional. The government bears the burden of establishing McDowell is not a "law-abiding, responsible citizen" to lawfully restrict his possession of a firearm. *See Gay,* 98 F.4th at 846 (citing *Bruen,* 597 U.S. at 26, 70.) McDowell asserts that the government has not met this burden. (*See* Dkt. 32 at *15.)

In *Gay*, the Seventh Circuit considered whether there is room for as-applied challenges to § 922(g)(1) and determined there is. *Gay,* 98 F.4th at 846. In its decision, the court noted, "*Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Id.* Where a review of a defendant's criminal history and the conditions of his arrest, shows that a defendant is not a "law-abiding, responsible" person, the court rejects a defendant's as-applied challenge to the constitutionality of his conviction under § 922(g)(1). *See id.*

McDowell argues the Court only needs to determine whether the convictions themselves demonstrate a pattern of violence, serious and current enough to permanently deny Mr. McDowell

5

the right to bear arms. (Dkt. 32 at *16.) McDowell argues, in his case, where his last felony conviction is from 2021, and the sentence was discharged in March 2023, the Second Amendment does not allow the government to disarm McDowell for life. (*Id.*) The government, by contrast, argues that McDowell's actions, including multiple prior felony convictions for robbery and being a felon in possession of a firearm while on parole for burglary, demonstrate a pattern of serious and current violence. (Dkt. 35 at 32.) The government concludes, McDowell's criminal record and the circumstances of his arrest support a finding that he poses a risk to public safety such that he cannot be trusted to use a weapon responsibly, urging the Court to reject his as-applied challenge. (*Id.* at 33.)

Here, McDowell has a significant criminal history: a 2006 burglary conviction, a 2008 attempted robbery conviction, a 2009 burglary conviction, two 2011 felon-in-possession-of-a-firearm convictions, a 2017 unlawful vehicular invasion conviction, and a 2022 aggravated unlawful use of a weapon conviction. The Court does not believe that his last sentence, that was discharged only in 2023, is too dated to be relevant to his as-applied challenge. The Court also questions McDowell's conclusory assertion that the government cannot disarm him without contemplating whether his convictions, namely, his 2008 attempted robbery conviction, 2022 aggravated unlawful use of a weapon conviction, and two prior felon-in possession of a firearm convictions, show a pattern of serious and current violence. Notwithstanding these convictions, like the defendant in *Gay*, the circumstances of McDowell's current arrest support a finding that he poses a risk to public safety, as he is alleged to have "violated the law in secret and tried to avoid detection," including by abandoning a backpack full of guns after a high-speed chase with police. *See Gay*, 98 F.4th at 847. Unlike defendants who were successful in their as-applied challenges, McDowell has not sufficiently contradicted the government's assertion that the dangerous circumstances of his arrest posed a danger to others and that his prior convictions show a pattern of serious and current violence, including crimes involving the use of a weapon. *But see United States v. Griffin*, 704 F. Supp. 3d 851, 863 (N.D.

6

Ill. 2023) (Coleman, J.) (holding § 922(g)(1) unconstitutional as applied to defendant whose arrest stemmed from a crime of smoking marijuana in an illegally parked car and who had never been convicted of a crime involving the use of a weapon).

Because of his criminal history, the Court finds that McDowell is not a "law-abiding citizen" under *Gay*. Accordingly, the Court denies McDowell's Motion to Dismiss the indictment on the grounds that § 922(g)(1) is unconstitutional as applied to him.

## CONCLUSION

For these reasons, the Court denies McDowell's Motion to Dismiss the indictment, as 18 U.S.C. §§ 922(g)(1) does not violate the Second Amendment facially or as applied to him.

**IT IS SO ORDERED.**

Date: 2/2/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge