UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MCDOWELL | No. 25 CR 160<br><br>Judge Sharon Johnson Coleman |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully recommends that the Court accept the findings and calculations in the Presentence Investigation Report (PSR), and sentence defendant Timothy McDowell to a term of 84 months' imprisonment, at the low end of the Guidelines-recommended range.

## I. STATEMENT OF FACTS

The PSR, including the Government's Version of the Offense, accurately summarizes the facts and circumstances material to the defendant's offense of conviction. Dkt. 47.

On July 30, 2024, defendant and three friends were in a stolen car travelling on the expressway in Chicago. The group was heavily armed. As a police helicopter followed overhead, the car increased its speed to over 100 miles per hour. After they exited the highway and sped through residential streets, they pulled into a detached garage and bailed out of the car. Defendant clutched a backpack

containing the group's armory: five handguns, three of which were stolen, one of which had a defaced serial number, and one of which had a large capacity magazine. Defendant and his associates ran around to the front of the house on the same property as the garage, and defendant attempted to abandon the backpack before being arrested by pursuing police.

All five of the guns in the backpack were manufactured outside of Illinois, and defendant knew that he had been convicted of felony offenses prior to possessing the gun, including attempted robbery, burglary, and unlawful vehicular invasion.

## II. CALCULATION OF GUIDELINES SENTENCE

The PSR accurately calculates defendants' offense level as 23. *Id*. at ¶ 24. The PSR accurately calculates defendant's criminal history category as V. *Id*. at ¶ 41. The government's version of the offense calculated defendant's offense level as 25 and his criminal history category as VI. This was based on defendant's 2008 attempted robbery conviction receiving 3 criminal history points. Fifteen years before the present offense was July 30, 2009. As noted in paragraphs 32 and 34 of the PSR, defendant was on parole in the attempted robbery case when he was sentenced to three years on his 2009 burglary case in April of 2009; defendant was returned to IDOC on April 6, 2009, but had his sentence in the attempted robbery case discharged on April 13, 2009. The government did not have documentation of the discharge of that sentence when it calculated defendant's criminal history points, and so attributed three criminal history points for that conviction because it

appeared defendant was still in custody for the attempted robbery after July 30, 2009. Probation later obtained documentation that the attempted robbery sentence was discharged earlier despite the parole violation.

This discrepancy also accounts for the government's version's offense level of 25. If defendant had received criminal history points for the attempted robbery conviction, it would have increased his base offense level by two points because he would have qualified as a defendant who possessed a firearm with a large capacity magazine after sustaining a felony conviction for a crime of violence.

Given the earlier termination of defendant's attempted robbery sentence, the government agrees with the PSR's calculation of an offense level of 23 and a criminal history category of V.

Defendant's base offense level is 20 because he possessed a large capacity magazine, is increased by two because he possessed between three and seven firearms, and is increased by four because of the defaced serial number. *Id.* at ¶¶ 15–17. It is decreased by three because of acceptance of responsibility, for the total offense level of 23. *Id.* at ¶¶ 23–24. Defendant earns criminal history points for his burglary conviction (3), his felon in possession of a firearm conviction (3), his unlawful vehicular invasion conviction (3), and his aggravated unlawful use of a weapon conviction (2), for a total of 11 criminal history points. *Id.* at ¶¶ 34–40.

Defendant's guidelines range from his offense level of 23 and criminal history category of V is 84 to 105 months. *Id.* at ¶ 116.

## III. FACTORS UNDER 18 U.S.C. § 3553(a)

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. In order to determine the sentence to impose, the court must consider the statutory factors listed in §3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines. §3553(a)(4). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, the statutory sentencing factors reflect that a sentence of 84 months is warranted.

### A. Seriousness, Nature, and Circumstances of the Offense

The seriousness and the nature and circumstances of the offense demonstrate that a sentence of 84 months is necessary. The circumstances of this offense are tied to the offenses seriousness, and are aggravating. The fact that defendant possessed five firearms is itself serious, but the fact that he possessed them with compatriots in a stolen vehicle that was fleeing from police increases the seriousness here. Defendant was not merely a gun afficionado or collector with five guns in his home. He was out and up to no good with others, a danger that compounds his possession of dangerous weapons as a multiple convicted felon.

The characteristics of these firearms is also aggravating. That one of the guns had an extended magazine and that one had a defaced serial number are considered in the guidelines. But because of the structure of the guidelines, the fact that three

of the guns were stolen is *not* reflected in defendant's guidelines range. That circumstance also increases the seriousness of the offense. Gun registration laws are important in helping police solve gun crimes, and the trade in stolen firearms undermines that system. If one of those guns was used in a shooting, authorities would be in a difficult position to identify who had possessed the gun. This aggravates defendant's already serious conduct.

Possession of a firearm by a convicted felon is a very serious offense under any circumstances, but the circumstances of defendant's conduct here go beyond the normal case, and put serious upward pressure on the necessary sentence in this case.

**B. History and Characteristics**

Defendant's history and characteristics point in both directions: his criminal history is aggravating, but his personal history is mitigating. Indeed, defendant's personal history is the driving force in the government's recommendation of a low-end sentence in a case that would otherwise have warranted a high-end sentence or even an upward variance. Defendant had a very difficult upbringing. The PSR describes horrific abuse in the foster system, and further abuse at the hands of a drug-addicted stepfather. With an incarcerated and absent father and a mother with her own struggles with controlled substances, defendant was not set up to succeed. Defendant's own drug and alcohol use from a young age no doubt compounded his problems. Overall, his personal history is both sympathetic and mitigating.

This factor also includes aggravating elements, and the further defendant—now 36—gets from his troubled childhood, the more culpability he has for his actions. Defendant's criminal history is troubling for several reasons. First, it involves violent and dangerous offenses. While he does not get criminal history points for his attempted robbery conviction, it is a part of his criminal history and merits consideration here. His burglary and unlawful vehicular invasion either could have led to a dangerous confrontation in the former, and actually did appear to involve a dangerous confrontation in the latter. This aspect of defendant's history makes it more dangerous that he possessed firearms in this case. The second aspect of his criminal history that is troubling is that he has two prior convictions for firearm offenses. This is a troubling pattern, and suggests that a significant prison term is necessary in this case.

There are aspects of defendant's history that cut both ways. The fact that he felt compelled to join a gang at a young age is sympathetic, but his gang affiliation is troubling given the nature of the offense here. Defendant was riding around in a stolen car with other men who—whether or not they were fellow gang members—were armed and working together. Defendant's prolific interactions with police from a young age are in some ways a reflection of his difficult life circumstances, but the fact that they have continued well into adulthood makes them more relevant to defendant's culpability. Defendant was shot; this is sympathetic, but it also means he quite literally knows the pain that can come from guns, and possessed five of them in a dangerous situation anyway.

On balance, defendant's difficult personal history put enough downward pressure on his sentence to make a sentence of 84 months sufficient, but the countervailing considerations make such a sentence necessary as well.

### C. The Need to Afford Adequate Deterrence and Respect for the Law

An 84-month sentence is necessary in large part to provide adequate deterrence in this case and to counteract defendant's repeated disrespect for the law. Clearly defendant's prior sentences have not deterred defendant. He has committed offense after offense, including two involving firearms, and has committed new offenses while on parole for other offenses. A lengthy term of imprisonment, and importantly one where he will do the majority of the time imposed, will hopefully provide specific deterrence. Such a sentence can also contribute to general deterrence for felons who would possess firearms. And a guidelines sentence here would promote respect for the law by imposing serious consequences for highly dangerous conduct like defendant's.

## IV. CONCLUSION

Based on his criminal history and offense level, the Guidelines recommend a term of imprisonment in the range of 84 to 105 months. The 18 U.S.C. § 3553(a) factors justify a sentence of 84 months, at the low end of the Guidelines range.

Defendant possessed five firearms after committing multiple previous gun crimes. His Guidelines reflect his conduct and criminal history, but do not consider his pattern of gun possession or the fact that he possessed multiple stolen firearms

in this case. Given the seriousness of defendant's conduct and the need for specific deterrence in this case, a sentence a Guidelines sentence is required.

For the reasons stated above and in the PSR and the Government's Version of the Offense, the United States respectfully recommends that the Court accept the facts and calculations of the PSR and sentence defendant to a term of imprisonment of 84 months.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/Paul Schied*
PAUL SCHIED
Assistant United States Attorney
219 South Dearborn, Room 500
Chicago, Illinois 60604
(312) 697-4091

Dated: August 6, 2026